IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON GRANT DYE,<br><br>      **Plaintiff,**<br><br>v.<br><br>McINTOSH COUNTY BOARD OF COMMISSIONERS, et al.,<br><br>      **Defendants.** | Case No. 24-CV-251-JFH-JAR |

**OPINION AND ORDER**

This civil rights action, brought pursuant to 42 U.S.C. § 1983, is before the Court on Defendants Board of County Commissioners of McIntosh County, Kevin Ledbetter and Monica Smith's ("Defendants") Motion to Dismiss ("Motion"). Dkt. No. 17. In addition to the Motion, the Court has before it Plaintiff Jason Grant Dye's ("Dye") Response to Defendants' Motion to Dismiss [Dkt. No. 18] and Defendants' Reply [Dkt. No. 19]. For the reasons discussed below, the Motion is granted.

**BACKGROUND**

Dye initiated this litigation against the McIntosh County Board of County Commissioners, Kevin Ledbetter, in his individual and official capacities, and Monica Smith, in her individual and official capacities. Dkt. No. 1. Dye's allegations stem from his time as a pretrial detainee at the McIntosh County Jail. Dkt. No. *See id.* at 5. Dye alleges his constitutional rights were violated by a jail policy wherein inmates in solitary confinement are only allowed out for fifteen (15) minutes to shower three (3) times a week and by jail officials' failure to provide him access to a law library, materials for his litigation, withheld and tampered with his legal mail, embezzled

money from his inmate account and failed to respond to his requests to staff. *See* Dkt. No. 1. Defendants moved to dismiss the Complaint for failure to state a claim. Dkt. No. 17.

## DISCUSSION

### I.    Standard of Review

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint should be dismissed for failure to state a claim upon which relief can be granted "only when it appears that the plaintiff can prove no set of facts in support that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (quoting *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir. 1997)). When determining whether to grant a motion to dismiss, the district court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint. *Jojola v. Chaves*, 55 F.3d 488, 494 (10th Cir. 1995). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Id.* (internal quotations and citations omitted).

A request for dismissal pursuant to Rule 12(b)(6) requires the Court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is required to exercise a liberal interpretation of Plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 520-21 (1972), the Court need not assume the role of advocate for Plaintiff,

and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases).  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.*  The Court first addresses Dye's claims against Defendants Ledbetter and Smith in their individual capacities.

II.     **Claim I**

For his first claim, Dye alleges,

> It is policy here at McIntosh County Jail wherein Kevin Ledbetter is sheriff and his Jail Admin[istrator] Monica Smith enforces this policy that inmates who are in solitary confinement are only allowed out for fifteen minutes to shower 3 times a week. . . . All other days you are in 24 hour a day confinement.

Dkt. No. 1 at 6.  This allegation fails to state a claim.

In order to state a § 1983 claim, a plaintiff must "allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Section 1983 claims against public officials must demonstrate some form of personal involvement on the part of the individual defendants." *Bruner v. Baker,* 506 F.3d 1021, 1026 (10th Cir. 2007) (citing *Coleman v. Turpen*, 697 F.2d 1341, 1346 n. 7 (10th Cir.1982)).  To the extent Dye brings his first claim against Defendants Ledbetter and Smith in their individual capacity, Dye has failed to allege any personal involvement by either Ledbetter or Smith.  He does allege they enforced this policy, but Dye fails to articulate when or how.  A plaintiff must "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claims against him or her[.]" *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir.

3

2008) (emphasis in original). These details are lacking from his Complaint. Therefore, Dye's first claim against Defendants Ledbetter and Smith, in their individual capacities, is dismissed for failure to state a claim.

### III.    Claim II

Next, Dye alleges "Kevin Ledbetter and Monica Smith operating under the color of law have on multiple occasions and in many different ways attempted to hinder and obstruct my civil proceedings and have effectively deprived me of my rights in the process." Dkt. No. 1 at 5. Dye alleges these incidents occurred from December 2, 2023, through July 15, 2024, or present date. *Id.* Dye explains the Defendants refused to provide law library access, refused to provide paper and pencils needed to maintain ongoing litigation, ignored staff requests, placed him in solitary confinement for filing grievances, ignored the Court's orders, embezzled money from his inmate account and tampered with and withheld incoming legal mail. *Id.* at 7-11.

Defendants Ledbetter and Smith argue the majority of this claim should be dismissed based on impermissible claim splitting. *See* Dkt. No. 17. "The rule against claim-splitting requires a [litigant] to assert all of [his] causes of action arising from a common set of facts in one lawsuit." *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011). To that end, "[d]istrict courts have discretion to control their dockets by dismissing duplicative cases." *Id*. (citation omitted). This doctrine, arising from the Court's ability to comprehensively manage its docket, is rooted in the principle that "[p]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Stout ex rel. C.S. v. Oklahoma ex rel. Oklahoma Highway Patrol, et al.*, No. 13-CV-753-WPJ and No. 14-CV-427-WPJ, 2015 WL

1473504 at *4 (W.D. Okla. Mar. 27, 2015) (unpublished)[1] (quoting *Katz*, 655 F.3d at 1217-18).

Claim-splitting is analyzed "as an aspect of res judicata," but the existence of a final judgment is not necessary. *Id*. Instead, "the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 987, 987 n.1 (10th Cir. 2002).

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *See Kreme v. Chemical Constr. Corp.*, 456 U.S. 461, 467 n.6 (1982). Since the claim-splitting analysis does not require a final judgment on the merits, a party asserting claim splitting allegations need only establish that: (1) the parties or their privies are identical, and (2) the causes of action are identical. *Stout*, at *4 (citing *Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006)).

As to the causes of action, the Tenth Circuit has adopted the "transactional approach." *Nwosun v. Gen. Mills Restaurant*, 124 F.3d 1255, 1257 (10th Cir. 1997). Under this approach, the relevant question is whether a cause of action "includes all claims or legal theories or recovery that arise from the same transaction, event, or occurrence." *Id*.

In his action styled *Dye v. McIntosh Co. Municipality, et al.*, Case No. 24-cv-005-JFH-JAR (E.D. Okla.), Dye named the following defendants: McIntosh Co. Municipality, Kevin Ledbetter, individual, Monica Smith, individual, and Mary Martin, individual. Complaint, *Dye v. McIntosh Co. Municipality, et al.*, Case No. 24-cv-005-JFH-JAR (E.D. Okla. Jan. 8, 2024), Dkt. No. 1. For his third claim he alleged, "Monica Smith as well as Mary Martin has stated by electronic

---

[1] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

messaging system that it is not the policy or procedure here at McIntosh County Jail to provide inmates law materials, law books or law library access. Thus disrupting my appeal process and any defense I might have been entitled to as a pro se defendant." *Id.* at 6 (cleaned up). He further alleges these events occurred in December of 2023.

In his action styled *Dye v. Board of County Commissioners of McIntosh County*, Case No. 25-cv-035-RAW-JAR (E.D. Okla.), Dye named the following defendants: Board of County Commissioners of McIntosh County, Monica Smith, official capacity, Mary Martin, official capacity, Karen Hughes, official capacity, Zachary Todd, official capacity, Seth Morgan, official capacity, Dillan Hanika, official capacity. Amended Complaint, *Dye v. Board of County Commissioners of McIntosh County*, Case No. 25-cv-035-RAW-JAR (E.D. Okla. Apr. 8, 2024), Dkt. No. 12. For his first claim, Dye alleged Monic Smith punished him by removing him from general population and placing him in solitary confinement in retaliation because he filed a grievance against her for denying him access to the courts. *Id.* at 8. For his second claim, he alleged Monica Smith, Mary Martin and Karen Hughes inspected and tampered with his incoming legal mail. *Id.* at 11. He alleges this conduct took place between October 2023 and February 2024.

As outlined, Dye previously sued the Board of County Commissioners of McIntosh County, Kevin Ledbetter and Monica Smith. Additionally, the causes of action stem from the same set of facts: Dye's time as a pretrial detainee and jail officials' alleged interference with his pro se litigation. Dye's retaliation claim, access to the court claim and mail tampering claim were previously presented to the Court and dismissed. *See* Opinion and Order, *Dye v. McIntosh Co. Municipality, et al.*, Case No. 24-cv-005-JFH-JAR (E.D. Okla. Mar. 7, 2025), Dkt. No. 71; *see also* Opinion and Order, *Dye v. Board of County Commissioners of McIntosh County*, Case No. 25-cv-035-RAW-JAR (E.D. Okla. Mar. 31, 2025), Dkt. No. 37. Thus, these claims are barred by

claim preclusion and must be dismissed. *See Crowley v. Jones*, CIV-07-1393-D, 2007 WL 4788471, at *4 (W.D. Okla. Jan. 28, 2007) (unpublished) (dismissing a claim with prejudice based on claim preclusion), aff'd, 296 F. App'x 675, 675 (10th Cir. 2008).

As to his new claims regarding the Defendants' failure to respond to requests to staff and embezzling money from his accounts, these claims stem from a common set of facts. These claims, like Dye's earlier claims, arise from his time as a pretrial detainee at his McIntosh County Jail and focus on his pro se litigation efforts and the jail officials' purported interference with the same. Dye should have asserted these claims in his first lawsuit. Thus, Dye's claim premised on Defendants' failure to respond to his staff requests and embezzlement were improperly split and are subject to dismissal with prejudice.[2] *See Crowley*, 2007 WL 4788471, at *4. For these reasons, Dye's second claim against Defendants Ledbetter and Smith, individually, is dismissed.[3]

## IV.    Official Capacity Claims

A claim against a government actor in an official capacity "is essentially another way of pleading an action against the county or municipality" he or she represents and is considered under the standards applicable to § 1983 claims against municipalities or counties. *Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010). To hold a county / municipality liable under § 1983, a plaintiff

---

[2] Even if the embezzlement and failure to respond to staff requests claims were not barred by doctrine of claim-splitting, these claims still fail to state a claim. Dye failed to "make clear exactly *who* is alleged to have done *what to whom*[.]" *Robbins*, 519 F.3d at 1250 (emphasis in original). Dye alleged "ignoring staff request informing them that these resources were required" and "they began to further embezzle funds from the plaintiff's inmate fund account[.]" Dkt. No. 1 at 7, 9. These allegations are insufficient.

[3] Defendants Ledbetter and Smith also contend they are entitled to qualified immunity. Dkt. No. 17 at 20-22. However, "[i]f a plaintiff fails to state a valid claim, [the Court] need not even reach the issue of the qualified immunity defense." *Moore v. City of Wynnewood*, 57 F.3d 924, 931 (10th Cir. 1995). Because Dye fails to state a valid claim against any Defendant Ledbetter or Smith, in their individual capacities, the Court will not address the issue of qualified immunity.

must demonstrate: (1) the existence of a municipal policy or custom by which the plaintiff was denied a constitutional right; and (2) that the policy or custom was the moving force behind the constitutional deprivation (i.e. "that there is a direct causal link between" the policy or custom and the injury alleged). *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978); *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010) (citations omitted).

"When an officer deprives a citizen of a constitutional right, . . . municipal governments may incur liability under § 1983 when 'the action that is alleged to be unconstitutional implements or executes a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers.'" *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1317-18 (10th Cir. 2002) (quoting Monell, 436 U.S. at 690). A municipal entity may be held liable for an act it has officially sanctioned, or for the actions of an official with final policymaking authority. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 482-83 (1986); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 127-28, (1988). Further, the absence of a constitutional violation by the officers of a county precludes a finding of liability against the county itself. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

Here, Dye's official capacity claims fail for several reasons. First, state law is determinative of whether a particular official is one with "final policymaking authority." *Jett v. Dallas Ind. Sch. Dist.*, 491 U.S. 701, 737 (1989); *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785-86 (1997). "Under Oklahoma law, a county sheriff is in charge of the jail and the prisoners therein." *Lopez v. LeMaster*, 172 F.3d 756, 763 (10th Cir. 1999), abrogated in part on other grounds, *Brown v. Flowers*, 974 F.3d 1178, 1182 (10th Cir. 2020); *see also* OKLA. STAT. tit. 19, § 513; OKLA. STAT. tit. 57, §§ 47, 52. All Dye alleges is that "Kevin Ledbetter is sheriff

and his jail administrator, Monica Smith, enforces this policy that inmates who are in solitary confinement are only allowed out for 15 minutes to shower 3 times a week[.]" Dkt. No. 1 at 6 (cleaned up).  There are no facts in the Complaint identifying any policy, statement, ordinance, regulation or decision officially adopted and promulgated by Defendant Ledbetter.  And no other defendant named has final policymaking authority concerning the McIntosh County Jail.

Second, even liberally construed, Dye's allegations do not plausibly show that any of his alleged injuries were caused by policies officially adopted and promulgated by McIntosh County's officers.  Nor do any of his allegations plausibly show that any defendant acted or failed to act "pursuant to a 'custom' that has not been formally approved by [McIntosh County officials]" but the practice of which "is so widespread as to have the force of law." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403-04 (1997).

Third, as explained above, Dye failed to allege a constitutional violation by any Defendant, or anyone else employed at the McIntosh County Jail.  Accordingly, Dye cannot demonstrate one essential element of an official capacity claim – that a municipal employee committed an underlying constitutional violation.  *See Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *see also Hinton*, F.2d at 782.  For all these reasons, Dye's official capacity claims against Board of County Commissioners of McIntosh County, Kevin Ledbetter and Monica Smith are dismissed.

## CONCLUSION

Based on the foregoing, the Court concludes that the Defendant's Motion to Dismiss shall be granted, under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss [Dkt. No. 17] is GRANTED. Plaintiff Jason Grant Dye's Complaint [Dkt. No. 1] is DISMISSED for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Dye's second claim against Defendants Ledbetter and Smith, in their individual capacities, is dismissed with prejudice. All other claims are dismissed without prejudice. A separate judgment of dismissal shall be entered in favor of Defendants and against Plaintiff.

Dated this 26th day of February, 2026.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE